# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, D.C. KING, J.P. ELLINGTON**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**PHILLIP A. JONES**
**OPERATIONS SPECIALIST SECOND CLASS (E-5), U.S. NAVY**

**NMCCA 201500099**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 13 Nov 2014.
**Military Judge:** CAPT Charles Purnell, JAGC, USN.
**Convening Authority:** Commander, Navy Region Mid-Atlantic, Norfolk,, VA.
**Staff Judge Advocate's Recommendation:** CDR S.J. Gawronski, JAGC, USN.
**For Appellant:** CDR Glenn Gerding, JAGC, USN.
**For Appellee:** Mr. Brian Keller, Esq.

**11 June 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant of one specification of sexual assault, one specification of abusive sexual contact, and one specification of unlawful entry in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934. The military judge sentenced the appellant to confinement for 23

months, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged but, pursuant to the pretrial agreement, suspended all confinement adjudged in excess of 15 months.

After careful consideration of the record of trial and the parties' pleadings, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Failure to Formally Enter Pleas on Record

Although submitted without assignment of error, we note the failure to record the appellant's formalized pleas of guilty to all of the charges on the record constituted procedural error. However, the omission of formalized pleadings in this case was not materially prejudicial to the substantial rights of the appellant and therefore harmless error. *See United States v. Loya*, No. 201200436, 2013 CCA LEXIS 498 at *2 n.2, unpublished op. (N.M.Ct.Crim.App. 20 Jun 2013) (finding although the failure to record the appellant's pleas on the record constituted procedural error, no prejudice resulted and there was no reason to question the findings), *rev. denied*, __ M.J. __, No. 13-0701/MC, 2014 CAAF LEXIS 232 (C.A.A.F. Feb. 28, 2014); *United States v. Fuentes*, No. 201300006, 2013 CCA LEXIS 490 at *10-11, unpublished op. (N.M.Ct.Crim.App. 13 Jun 2013) (finding no prejudice when court-martial proceeded as if accused had entered pleas of "not guilty" despite no formal entry of pleas), *rev. denied*, 73 M.J. 43 (C.A.A.F. 2013); *United States v. Jackson*, No. 200900427, 2010 CCA LEXIS 65 at *1 n.1, unpublished op. (N.M.Ct.Crim.App. 25 May 2010) (finding no error where pleas and forum selection were reserved at arraignment but never entered onto the record by the appellant); *United States v. Gilchrist*, 61 M.J. 785, 787 n.2 (Army Ct.Crim.App. 2005) (finding no error where after finding a guilty plea improvident the court-martial proceeded as if no guilty plea had been entered although neither the appellant nor the military judge formally entered a not guilty plea).

"We have often observed that the failure to follow a procedure prescribed by law is error, but a particular procedural error does not necessarily justify reversal of an otherwise valid conviction." *United States v. Napier*, 43 C.M.R. 262, 267 (C.M.A. 1971) (citations omitted). "If the purpose of the procedure is not frustrated by what was done and the accused is not prejudiced, reversal is not ordinarily required." *Id.* (citations omitted).

In this case, the military judge accurately informed the appellant of the nature of the charged offenses and of the nature and extent of his rights prior to the providence inquiry. The military judge ascertained that there was a pretrial agreement involving a guilty plea to the charges before taking the plea and discussed the agreement in detail with the appellant on the record. The military judge also asked the appellant on numerous occasions throughout the inquiry whether he still wanted to plead guilty, to which the accused responded that he did. *See United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969). Finally, once the military judge established that the appellant desired to plead guilty, the military judge elicited a factual basis from the appellant to support the court's findings. *Id.; see also* Art. 45(a), UCMJ; RULE FOR COURTS-MARTIAL 910(c), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).

Accordingly, it is clear from the record that the absence of a formalized entry of pleas was not materially prejudicial to the substantial rights of the appellant.

### Post-Trial Delay

Additionally, we note that it took 125 days from the date of trial to the date of the CA's action. Balancing the four factors under *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006), we find no post-trial due process violation occurred.

### Conclusion

Accordingly, the findings and the sentence as approved by the CA are affirmed.


For the Court



R.H. TROIDL
Clerk of Court


3